IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cr-30128-SMY-1 |
| | ) |
| FREDDY J. PATINO, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Freddy J. Patino was sentenced on March 22, 2022 to 120 months' imprisonment for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) (Docs. 52, 55). Patino recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 62).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court,

in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Patino's total offense level at sentencing was 35, his criminal history category was I, and his Guidelines sentencing range was 168-210 months on Count 1 and 120 months on Count 2. Patino is not eligible for a sentence reduction under Amendment 821 because (1) the aggravating factors of his offense (a firearm) preclude application and (2) the mandatory minimum sentence of 120 months' imprisonment still applies. Accordingly, the Motion to Reduce Pursuant to Amendment 821 (Doc. 62) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 20, 2025**

**STACI M. YANDLE**
**United States District Judge**